FILED
OCT 21 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY [signature] DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

**USA**

**v.** **NO: EP:26-CR-02498(1)-LS**

**(1) ALVARO RIVERA-ALTAMIRANO**

**REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE UPON DEFENDANT'S PLEA OF GUILTY**

On this 21st day of October, 2026, the Defendant and counsel appeared before the Court. After being admonished as required by Rule 11, Fed. R. Crim. P., the Defendant pled guilty to the Indictment charging the Defendant in Count One with Illegal Re-Entry, in violation of Title 8 U.S.C. § 1326, in Count Two with Penalty for Violation of Security Regulations, in violation of Title 50 U.S.C. § 797, and in Count Three with Entering Military Property, in violation of Title 18 U.S.C. § 1382.

Accordingly, the Court makes the following findings:

1. The Defendant has consented to the entry of a guilty plea before a Magistrate Judge, subject to final approval and sentencing by the presiding United States District Judge.

2. The Defendant fully understands the oath and the consequences of failing to tell the truth at the plea hearing.

3. The Defendant fully understands the right to plead "not guilty" and to be tried by a jury.

4. The Defendant fully understands the right to be represented by counsel at trial and

at every other stage of the proceeding.

5. The Defendant fully understands the right to a trial and that if the Defendant were to elect to go to trial, the Defendant would have the right to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

6. The Defendant fully understands that if the guilty plea is accepted, there will not be a trial in this case.

7. The Defendant fully understands the nature of the charge, the maximum possible penalties, and all other potential consequences of the plea, including any term of imprisonment, applicable mandatory minimum penalties, fines, supervised release, forfeiture, restitution, and the obligation to pay a special assessment.

8. The Defendant fully understands that in determining sentence, the sentencing court will consider the applicable Sentencing Guidelines, including any departures that might be applicable, as well as the sentencing factors under 18 U.S.C. § 3553(a). The Defendant also fully understands that although the sentencing court will consider the applicable sentencing guidelines, they are advisory in nature.

9. If not a United States citizen, the Defendant fully understands that a conviction in this case has potential immigration consequences and affirms understanding those consequences after counsel explained them.

10. The Defendant's plea was not induced by any promises, and the Defendant's plea was not induced by any threats, force or threats of force.

11. The Defendant is competent to enter a plea.

12. The Defendant's plea is made freely, knowingly, and voluntarily.

13. There is a factual basis to support the plea of guilty.

14. The Court advised the Defendant that for Count Three, Entering Military Property, which is a petty offense, the Sentencing Guidelines and supervised release do not apply and that he does not have the right to a jury trial.

**RECOMMENDATION**

Based on the foregoing, it is recommended to the district judge that the Defendant's plea of guilty be accepted and that a judgment of guilt be entered.

**SIGNED** and **ENTERED** this 21st day of October, 2026.

ANNE T. BERTON
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE FINDINGS AND RECOMMENDATION CONTAINED IN THE FOREGOING REPORT, PRIOR TO SENTENCING, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW OF SUCH FACTUAL FINDINGS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT JUDGE.**